**548**

**David S. DODSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–SC–308–MR.**

Supreme Court of Kentucky.

June 30, 1988.

Russell J. Baldani, Fayette County Legal Aid, Inc., Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Elizabeth Myerscough, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The appellant was convicted on two charges of first-degree robbery and as a second-degree persistent felon.

He contends on appeal that the admission of an out-of-court statement of a codefendant who refused to testify at trial was prejudicial error. The codefendant, Timothy Reed, had negotiated a plea bargain whereby he was sentenced to ten years' imprisonment on one charge of burglary and six other counts of the indictment against him were dismissed. His confession to the investigating officers implicated the appellant as the person who was with him during the commission of four robberies, including the two from which this appeal is prosecuted.

The appellant contends that because Timothy Reed refused to testify in court, he was denied his right to be confronted with his accuser and that he was denied the right to cross-examine the accuser.

Timothy Reed was arrested for his participation in several burglaries. He confessed and named the appellant as a participant with him in the two robberies for which appellant has been convicted. At appellant's trial, Reed was called as a witness and refused to testify. The Commonwealth was then permitted to introduce into evidence statements which Reed had made to police officers in his confession which implicated the appellant in the robberies.

The Commonwealth contends that these out-of-court statements of codefendant Reed implicating the appellant were admissible in evidence against appellant as a statement of the codefendant against his penal interests pursuant to Federal Rule of Evidence 804(b)(3) which has been adopted by this court in *Crawley v. Commonwealth*, Ky., 568 S.W.2d 927 (1978).

The admissibility of extra-judicial statements against interest prior to the decision in *Crawley v. Commonwealth, supra,* were related to statements against the declarant's pecuniary or proprietary interests. *Crawley* expanded this exception to the hearsay rule to include declarations against the penal interests of the declarant, and it expressly overruled all prior cases which held to the contrary.

The out-of-court statement which was the subject of the *Crawley* opinion was a statement which tended to exculpate the defendant, not inculpate him as does the statement at issue here. The court held that the out-of-court exculpatory statement was properly excluded because there was no corroborating evidence which clearly established the trustworthiness of the statement. It appears that the statement would have been inadmissible under the law of Kentucky before the adoption of FRE 804(b)(3), and under the circumstances of *Crawley* it was inadmissible after the rule was adopted. The adoption of FRE 804(b)(3) was entirely unnecessary to the decision in *Crawley.* Nevertheless, FRE 804(b)(3) was adopted, and we have not been asked here to reconsider the *Crawley* decision.

Federal Rule of Evidence 804(b)(3) provides:

"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

"(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

This rule makes no distinction between statements against interest by an unavailable witness which are inculpatory and those which are exculpatory except that it provides that exculpatory statements are not admissible in evidence unless corroborating circumstances clearly indicate the trustworthiness of the statement.

There are a number of reasons which sometime cast doubt on the credibility of an inculpatory statement of a confessing codefendant who has negotiated a plea bargain for himself. These reasons were categorized in *United States v. Sarmiento–Perez,* 633 F.2d 1092 (5th Cir.1981) as follows:

1) the confession is custodial and therefore made under potentially coercive circumstances that could not be examined at trial;

2) the desire of the confessor to curry favor from the arresting officer;

3) the confessor's attempt to alleviate the culpability by implicating others;

4) the confessor may feel enmity for others in a conspiracy gone awry;

5) the confessor's desire for revenge against the third person;

6) the confessor's ability to ultimately entertain a favorable plea agreement.

■ For these reasons we think it is equally important that a statement against interest made by an unavailable witness which inculpates another person should likewise not be admissible unless there are corroborating circumstances which clearly indicate its trustworthiness.

■ We do not think there was sufficient corroboration of the statement made by the codefendant Reed in his confession to clearly establish its trustworthiness in so far as it incriminated the appellant. Reed was able to relate the details of the robberies and to describe the guns used in a manner which matched the testimony given by other witnesses, but since Reed admitted that he participated in the robberies it is only natural that he knew the details of the manner in which they were committed and the types of weapons which were used. The fact that his account of the robberies

was borne out by other witnesses establishes the trustworthiness of his statement that he was a participant in the crime, but the circumstances do not lend trustworthiness to his statement which implicated the appellant.

The participants in the robbery were masked, and the eyewitness identification by an employee of each establishment was based upon the similarity of appellant's eyes, and hair, and size. The description given by the victims of the robberies was equally descriptive of another suspect in the case as it was to the appellant. The codefendant Reed had stated to appellant's attorney that appellant was not involved in the robberies. It cannot be said that corroborating circumstances clearly establish the trustworthiness of codefendant Reed's out-of-court statement implicating the appellant.

In construing Federal Rule of Evidence 804(b)(3) some courts have taken the position that an inculpatory out-of-court statement of an unavailable witness is so inherently unreliable that it can never be considered to be trustworthy, and as a result, there is a blanket prohibition against the admissibility of such statements. *United States v. Sarmiento–Perez, supra.* Others have taken a more flexible position, insisting on strict scrutiny of the circumstances surrounding such statements but leaving room for the judge to admit the evidence after scrutiny if corroborating evidence clearly established trustworthiness of the statement. *United States v. Oliver,* 626 F.2d 254 (2d Cir.1980); *United States v. Riley,* 657 F.2d 1377 (8th Cir.1981). *See,* Lawson, *The Kentucky Evidence Law Handbook,* 2nd Ed. § 8.40.

We hold here that the out-of-court statement of Timothy Reed which implicated the appellant was not sufficiently corroborated under the circumstances as to render it trustworthy and that such statement should not have been admitted in evidence. That statement was the strongest evidence against the appellant, and we cannot say there is no substantial likelihood the verdict would have been the same if that evidence had been suppressed. The error in the admission of the evidence was therefore prejudicial to the appellant. In view of this holding we find it unnecessary to decide here whether *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), also requires the exclusion of such evidence as a violation of the confrontation clause of the United States and the Kentucky Constitutions.

We find no merit in the other assertion of error alleged by appellant.

The judgment is reversed for further proceedings consistent with this opinion.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which STEPHENSON, J., joins.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because the admission of the out-of-court statement by a codefendant who refused to testify at trial was nonprejudicial. RCr 9.24.

Instructions were submitted to the jury on four counts of robbery and Dodson was convicted of only two counts in which he was positively identified by both victims. Even though the codefendant's statement implicated Dodson as a participant in all four robberies, the jury discounted the statement and returned convictions only when there was positive identification by the victims.

The testimony of the two victims alone is enough to sustain the convictions on Counts 6 and 7. Consequently, the impact of the statement by the codefendant is harmless when considered with the not guilty verdicts on the charges where there was no eye witness identification.

STEPHENSON, J., joins in this dissent.